**Mary OSEI, Petitioner,**

v.

**Janet RENO; Immigration and Naturalization Service, Respondents.**

**Farshad Khamenei, Petitioner,**

v.

**Janet Reno, Attorney General; Immigration and Naturalization Service, Respondents.**

**No. 97–1784, 97–2270.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 17, 2001.

Filed Oct. 24, 2001.

**650**

Before McMILLIAN, FAGG, and
BEAM, Circuit Judges.

PER CURIAM.

In these consolidated appeals, Mary
Osei, a citizen of Ghana, and Farshad
Khamenei, a citizen of Iran, petition for
review of the Board of Immigration Ap-
peals (BIA) orders denying their motions
to reopen their deportation cases. In their
motions, Osei and Khamenei sought to ap-
ply for suspension of deportation based on
their physical presence in the United
States for a continuous period of at least
seven years under 8 U.S.C. § 1254(a)(1)
(1994) (repealed 1996). Osei entered the
United States in 1984, and in 1987, the

Immigration and Naturalization Service
(INS) issued an order to show cause
charging her with deportability. Khame-
nei entered the country in 1982 and was
issued a similar order in 1986. Immigra-
tion judges denied their bids for asylum.

After Osei and Khamenei filed their mo-
tions to reopen seeking suspension of de-
portation, Congress enacted the Illegal
Immigration Reform and Immigration Re-
sponsibility Act of 1996 (IIRIRA). In IIR-
IRA, Congress repealed the suspension of
deportation statute, replaced it with more
limited discretionary relief called cancella-
tion of removal, 8 U.S.C. § 1229b(b)(1)
(Supp. III 1997), changed the terminology
for the written notice initiating deportation
from an order to show cause to a notice to
appear, 8 U.S.C. § 1252b(a)(1) (1994) (re-
pealed 1996); 8 U.S.C. § 1229(a)(1) (Supp.
III 1997), and enacted a "stop-time" rule
providing that an alien's period of continu-
ous physical presence in the United States
is deemed to end when the alien is served
with a notice to appear for removal pro-
ceedings, 8 U.S.C. § 1229b(d)(1) (Supp. III
1997). In a "Transitional Rule [Regard-
ing] Suspension of Deportation," Congress
said the stop-time rule applies to notices to
appear issued before the enactment of the
stop-time rule on September 30, 1996. 8
U.S.C. § 1101 note (Supp. III 1997); *Afo-
layan v. I.N.S.*, 219 F.3d 784, 788 (8th
Cir.2000). In 1997, Congress amended the
transitional rule, changing "notices to ap-
pear" to "orders to show cause," thus clari-
fying that the stop-time rule applies to all
pending deportation proceedings regard-
less of the name of the initiating notice.
*Escudero–Corona v. I.N.S.*, 244 F.3d 608,
613 (8th Cir.2001). The BIA held the
stop-time rule applied to Osei and Khame-
nei, and thus Osei and Khamenei did not
accrue seven years of physical presence in
the United States before the INS charged
them with deportability.

On review, Osei and Khamenei argue the stop-time rule does not apply to them because they were already in deportation proceedings when the rule was enacted. They assert the rule does not apply because they were issued orders to show cause rather than notices to appear, and they sought suspension of deportation rather than cancellation of removal. Osei concedes we rejected this argument in *Afolayan*, 219 F.3d at 788, but urges us to overrule the case. One panel of this court cannot overrule the decision of another panel, however. *United States v. Franklin*, 250 F.3d 653, 665 (8th Cir.2001). Besides, we have consistently followed our decision in *Afolayan*, see *Escudero–Corona*, 244 F.3d at 613–14; *Tang v. I.N.S.*, 223 F.3d 713, 719 (8th Cir.2000), and our interpretation in *Afolayan* is consistent with the interpretation of the BIA and with recent decisions from our sister circuits, *see, e.g., Ram v. I.N.S.*, 243 F.3d 510, 515–16 (9th Cir.2001); *Rojas–Reyes v. I.N .S.*, 235 F.3d 115, 121 n. 1 (2d Cir. 2000); *Ashki v. I.N.S.*, 233 F.3d 913, 918–19 (6th Cir.2000); *Angel–Ramos v. Reno*, 227 F.3d 942, 947 (7th Cir.2000); *Rivera–Jimenez v. I.N.S.*, 214 F.3d 1213, 1217 (10th Cir.2000); *Appiah v. I.N.S.*, 202 F.3d 704, 708 (4th Cir.), *cert. denied*, 531 U.S. 857, 121 S.Ct. 140, 148 L.Ed.2d 92 (2000); *Tefel v. Reno*, 180 F.3d 1286, 1293 (11th Cir.1999), *cert. denied*, 530 U.S. 1228, 120 S.Ct. 2657, 147 L.Ed.2d 272 (2000); *In re Nolasco–Tofino*, Int. Dec. 3385, 1999 WL 218466 (BIA 1999) (en banc). Likewise, we already rejected the due process and equal protection challenges raised by Osei and Khamenei in *Afolayan*, see 219 F.3d at 789, and our sister circuits agree with that view as well, see *Ram*, 243 F.3d at 517; *Rojas–Reyes*, 235 F.3d at 124; *Ashki*, 233 F.3d at 919–21; *Angel–Ramos*, 227 F.3d at 948–49; *Gonzalez–Torres v. I.N.S.*, 213 F.3d 899, 903 (5th Cir.2000); *Appiah*, 202

F.3d at 708–10; *Tefel*, 180 F.3d at 1298–1302.

We thus deny the petitions for review.